UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SERGIO R. MARROQUIN, | ) | Civil No. 11cv163-L (BLM) |
| Plaintiff, | ) ) ) | **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |
| v. | ) ) | |
| WELLS FARGO, LLC, | ) ) | |
| Defendant. | ) ) | |

Plaintiff Sergio R. Marroquin filed a class action complaint against Defendant Wells Fargo, LLC for false and misleading representations regarding Defendant's mortgage loan modification services. Plaintiff alleged claims under California False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.,* Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, and Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* He claimed federal jurisdiction pursuant to diversity under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Based on the allegations in the complaint, it does not appear that the case meets CAFA's jurisdictional requirement of minimal diversity. In the alternative, case falls within CAFA's home-state controversy exception. Accordingly, the action is **DISMISSED WITHOUT PREJUDICE**.

Unlike State courts, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial

1  decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of
2  establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life*
3  *Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Federal courts are constitutionally
4  required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*.
5  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v.*
6  *Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).  A federal court must satisfy itself of its
7  jurisdiction over the subject matter before proceeding to the merits of the case.  *Ruhrgas AG v.*
8  *Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).
9       Plaintiff bears the burden of demonstrating that jurisdiction is properly before the court.
10 *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).
11 Plaintiff based federal jurisdiction on diversity under CAFA.  (Compl. at 3.)
12       CAFA vests a district court with original jurisdiction over "a class action" where:
         (1) there are one-hundred or more putative class members; (2) at least one class
13       member is a citizen of a state different from the state of any defendant; and (3) the
         aggregated amount in controversy exceeds $5 million, exclusive of costs and
14       interest.
15 *United Steel, Paper & Forestry, Rubber, Manufacturing Energy, Allied Indus. & Serv. Workers*
16 *Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 804 (9th Cir. 2010), citing 28 U.S.C.
17 §§ 1332(d)(2), (5)(B), (6).  In diversity cases, the complaint must affirmatively allege the state of
18 citizenship of each party.  *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 551 (9th Cir.
19 1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).
20       Plaintiff alleges he is a California resident.  (Compl. at 3.)  For diversity purposes, a
21 person is a citizen of a state in which he or she is domiciled.  *Kanter*, 265 F.3d at 857.  "[T]he
22 diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  *Id*.  "A
23 person residing in a given state is not necessarily domiciled there, and thus is not necessarily a
24 citizen of that state."  *Id*.  However, because "place of residence is *prima facie* the domicile"
25 *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), Plaintiff most likely
26 could cure this defective citizenship allegation by amendment, *see Kanter*, 265 F.3d at 858; *see*
27 *also* 28 U.S.C. § 1653.
28 / / / / /

Plaintiff also asserts that the complaint "alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant." (Compl. at 3.) This allegation is negated by the allegations which define the class as including only California residents. (*See id*. at 2 & 8.) As noted above, although the allegation of residency is inadequate to properly allege citizenship for purposes of diversity jurisdiction, the state of residency is *prima facie* the state of an individual's citizenship.

Defendant, a limited liability company, is alleged to be "incorporated under Delaware law, with its principal place of business in California." (Compl. at 3.) Under CAFA an unincorporated association is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Accordingly, Defendant is a citizen of Delaware and California.

To meet the minimum diversity requirement, "any member of a class of plaintiffs [must be] a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). For the reasons discussed above, Plaintiff and the class members are alleged to be California citizens. Defendant is alleged to be a citizen of Delaware and California. Under these facts, Plaintiff has not alleged minimal diversity under CAFA. *See Johnson v. Advance Am.*, 549 F.3d 932, 935-36 (4th Cir. 2008) (corporate dual citizenship insufficient when corporation citizen of same State as plaintiff and class); *Ferrell v. Express Check Advance of S.C., LLC*, 591 F.3d 698 (4th Cir. 2010) (same regarding limited liability company).

In the alternative, assuming *arguendo* that the case falls within the minimal diversity requirement for jurisdiction under CAFA, the court has to decline exercising jurisdiction based on CAFA's home-state controversy exception. The exception provides:

> A district court shall decline to exercise jurisdiction under [§ 1332(d)(2) where] two-thirds or more of the members all of proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(B). Because Plaintiff and the class members are California citizens, and because the only named Defendant is also a California citizen, the home-state controversy exception precludes diversity jurisdiction under CAFA.

1     Accordingly, the action is **DISMISSED WITHOUT PREJUDICE**.

2     **IT IS SO ORDERED.**

4 DATED: February 3, 2011

                                    M. James Lorenz
                                    United States District Court Judge

7 COPY TO:

8 HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

9 ALL COUNSEL/PARTIES